UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALDON LOUIS BOLANOS, and MARY E. BOLANOS,<br><br>        Petitioners,<br><br>   v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>        Respondent. | No. 2:15-MC-00129-GEB-CKD<br><br>**ORDER** |

       Pending are the Magistrate Judge's Findings and Recommendations, (F.&R., ECF No. 2.) filed August 17, 2016, concerning the failure of Petitioner Aldon Louis Balaños ("Aldon") to timely serve the Petition to Quash the IRS summons issued by Respondent Commissioner of Internal Revenue to a bank regarding a subpoena/summons for documents to which a response was sought no later than the 16th day of October 2015. Alton signed the Petition as follows: "Aldon L. Bolanos, Esq. Petitioner *In Pro Per*," (Petition 4:11-13, ECF No. 1). The Findings and Recommendations do not address Petitioner Mary E. Bolanos named in the caption of the Petition, whom Aldon avers in his Declaration attached to the Petition is his wife; and he indicates in has declaration that he has authority to represent his wife in his *pro per* status. (Declaration 1:21-23, ECF No. 1-1.) However, it is well established that appearing *in propria*

1

*persona* is a personal privilege, and a *pro per* litigant may not represent his spouse in that litigation status. See, e.g., Swanson v. Citibank, N.A., 614 F.3d 400, 402 (7th Cir. 2010) (stating "Swanson also named her husband . . . as a co-plaintiff and a co-appellant but since Swanson is proceeding pro se, she may not represent her husband[; w]e have therefore dismissed [her husband] as a party on appeal[, and] proceed solely with respect to Swanson's part of the case."); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him." (citations omitted)). Therefore, since Aldon asserts he is a *pro per* litigant, he lacked the authority to include his wife in this action, and Mary E. Bolanos's name in the caption is stricken from the Petition.

   The Magistrate Judge found in the Findings and Recommendations, "[t]here is no evidence in the record . . . that petitioner [Aldon] has properly and timely served [Respondent]" with a summons" and that "Petitioner has taken no steps to prosecute this action." (F.&R. 1:19-25, 2:2.) These Findings and Recommendations issued on August 17, 2016, and provided Alton fourteen days after service to file written objections with the court. To date, Aldon has neither filed objections, nor a request for extension of time to do so. Notwithstanding Alton's failure to object, the undersigned judge has made a de novo review of the failure to prosecute findings and adopts them.

   A district court has an inherent power sua sponte to dismiss an action for lack of prosecution. The Ninth Circuit "require[s] the district court to weigh five factors to determine

2

whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Eisen, 31 F.3d 1447, 1451 (9th Cir.1994). The first and second factors weigh in favor of dismissal. It is unclear whether the third and fourth factors weigh against dismissal and it is assumed that these factors do not favor dismissal, but they have not been shown to predominate over the first and second factors. The last factor does not weigh against dismissal because Aldon was warned by the Magistrate Judge that dismissal was recommended for failure to prosecute and yet he has not communicated with the court. Hence, less drastic action is not favored in light of Aldon's apparent abandonment of this action.

Therefore, this action is dismissed.

Dated: September 9, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3